UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                               Case No. 03-81104
                                                Honorable Patrick J. Duggan

EVARISTO GARCIA,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH OR REDUCE THE CHARGE TO SIMPLE POSSESSION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 20, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On December 10, 2003, Defendants Evaristo Garcia ("Garcia"), Martin Toro, and Jorge Chavez were indicted by a federal grand jury. In the Indictment, Garcia is charged with one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 341(a)(1) and 846, one count of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Presently before the Court is Garcia's motion to quash or reduce the charge to simple possession pursuant to Rule 12 of the Federal Rules of Criminal Procedure, filed October 25, 2005. On December 6, 2005, this

1

Court issued a notice to the parties indicating that it is dispensing with oral argument with respect to Garcia's motion.

In his motion, Garcia argues that the Government lacks sufficient evidence to demonstrate that he agreed to sell cocaine or that he had any intention to distribute cocaine. Garcia concedes that he possessed 10 grams of cocaine, but argues that this amount alone is insufficient to demonstrate an intent to distribute. Garcia contends that the Government lacks any additional evidence suggesting or demonstrating that he intended to distribute the drug. Thus Garcia asks the Court to quash the indictment charging him with possession with intent to distribute cocaine and other charges which are premised on an intent to distribute cocaine. Garcia does not allege any deficiency in the Indictment itself.

As relevant to Garcia's motion, Rule 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b). In *United States v. Craft*, 105 F.3d 1123 (1997), the Sixth Circuit analyzed Rule 12(b) as follows:

> It is elementary that Rule 12(b) of the Federal Rules of Criminal Procedure permits pretrial consideration of any defense that "is capable of determination without the trial of the general issue." Courts usually say that a motion to dismiss is "capable of determination" before trial if it involves questions of law instead of questions of fact on the merits of criminal liability.
>
> Normally, Rule 12(b) motions may appropriately raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity

> [and] lack of jurisdiction" . . . District courts may ordinarily
> make preliminary findings of fact necessary to decide
> questions of law presented by pretrial motions so long as the
> trial court's conclusions do not invade the province of the
> ultimate factfinder.
>
> Rule 12 was written to encourage the making of motions prior
> to trial . . . Rule 12 directs the district court to make
> preliminary findings of fact necessary to decide the questions
> of law presented by pre-trial motion as long as the court's
> findings on the motion do not invade the province of the jury.

105 F.3d at 1126 (internal citations and emphasis omitted).  In *Craft*, the defendant filed a pretrial motion pursuant to Rule 12(b) contending that two counts of the indictment were barred by the statute of limitations. *Id*.  The Sixth Circuit held that it was proper for the district court to decide the motion before trial because the facts relevant to the court's disposition of the statute of limitations issue were essentially undisputed and raised a legal issue not a factual one. *Id*. at 1127.

Similarly in *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992), the Sixth Circuit affirmed the district court's dismissal of the indictment before trial where the "*undisputed extrinsic evidence*" established that the defendant lacked the necessary intent to participate in a criminal act and therefore his conduct did not constitute criminal behavior as a matter of law. *Id*. at 466 (emphasis in original).  In *Levin*, the undisputed evidence established that the government issued letters which were circulated to the defendant stating the government's approval of the activity charged in the indictment. *Id*. at 465.  As the Sixth Circuit stated, "the government may not actively mislead individuals by authoritative assurances that certain activity is legal and thereafter initiate a prosecution

3

for engaging in the sanctioned activity." *Id.* at 467. The district court and court of appeals therefore concluded that the government's letters demonstrated, as a matter of law, that the defendant was entitled to the defense of entrapment by estoppel. The Sixth Circuit found no error in the court's decision to therefore dismiss the indictment prior to trial:

> In the instant case the operative facts . . . were undisputed and a two or three week trial of the substantive criminal charges would not have assisted the district court or this court in deciding the legal issues joined by the defendant's pretrial motion to dismiss . . .

*Id*. at 467.

In the present case, Garcia challenges the sufficiency of the Government's evidence against him. Garcia claims that the Government lacks evidence to demonstrate his intent to sell the cocaine he possessed. The Government, on the other hand, contends that it possesses such evidence, specifically taped phone conversations where Garcia indicates *inter alia* that the cocaine is for someone else and testimony of Garcia's co-defendant, Toro, that Garcia was part of a conspiracy to sell cocaine.[1] Clearly a trial of the facts surrounding the commission of the alleged offenses is necessary to determine whether the Government's evidence is sufficient. In other words, Garcia's motion is not "capable of determination" without a trial on the merits. *Craft, supra*.

---

[1] Toro entered into a Rule 11 plea agreement on June 28, 2004, in which he acknowledges that Garcia also was engaged in the offenses contained in the Indictment. *See* Resp. Ex. 3 at 3-5.

Accordingly,

**IT IS ORDERED**, that Defendant Evaristo Garcia's Motion to Quash or Reduce the Charge to Simple Possession is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
J. Kim Welch, Esq.
AUSA Karen Gibbs